McMILLAN, Judge.
The appellant filed a petition for the writ of habeas corpus in Limestone County, alleging that the states of Alabama and Mississippi lost their jurisdiction to prosecute him because of “the continuous transportation of the appellant across state lines.” The State filed a response to the appellant’s petition, and the circuit court dismissed the appellant’s petition, stating:
“The petition alleges that the Petitioner has pled guilty in several jurisdictions in Alabama and Mississippi for which he is presently incarcerated. He alleges that the crossing of state lines has caused these courts to lose jurisdiction. Where a person is carried across the state line, this issue does not reach to the jurisdiction of the court and is waived by a plea of guilty. Also, this court lacks any jurisdiction over the claims raised by the Petitioner to convictions in the State of Mississippi. Also, this Court is without jurisdiction over the [other] claims raised. Allegations of errors or irregularities involving jurisdiction must be raised by appeal of that judgment unless it is void on its face. No allegation is made that the judgments are void on their face.”
The issues raised by the appellant appear to attack the propriety of his guilty pleas, which were entered in several jurisdictions other than the Circuit Court of Limestone County; therefore, the proper venue for attacking these pleas would lie in the counties where the appellant was convicted. See Rule 20.5, A.R.Crim.P. Temp. Thus, the trial court correctly dismissed the appellant’s petition because he failed to state a claim entitling him to habeas corpus relief.
The State, in its brief, suggests that, in the interest of judicial economy, it would be best to dismiss this petition with instructions for the appellant to file another petition in the appropriate forum, rather than to remand this case pursuant to the transfer requirements of Rule 20.5. See Robinson v. State, 586 So.2d 136 (Ala.Cr.App.1988). The State reasons that because the appellant has not attacked one conviction in one jurisdiction but rather several convictions in several jurisdictions, it should not be put to the trial court to separate and file multiple attacks on various convictions, which were filed in one petition, for purposes of transfer. In accord with this reasoning, this petition is dismissed, with instructions for the appel *256 lant to file the appropriate forms in the appropriate venues.
APPEAL DISMISSED.
All Judges concur.